# HOEPNER v. BELL.

APPEAL AND ERROR; SUMMONS AND SEVERANCE; PARTIES; WILLS; UNDUE
    INFLUENCE; TRIAL; CHARGE TO JURY.

1. Under rule 10 of this court as amended, summons and severance are not
   essential as to a party who is not a necessary party to the appeal.

2. It is not necessary for one heir at law to obtain a summons and sev-
   erance as to another heir at law before prosecuting an appeal from an
   order admitting a will to probate after the trial of issues framed to
   test its validity, where the interest of such other heir at law is adverse
   to the beneficiary under the will, in that he will take part of the estate
   in event the will is set aside. (Distinguishing *Taylor* v. *Leesnitzer*,
   31 App. D. C. 92.)

3. However the parties may be arrayed on the pleadings, the court always
   looks to the true relations of the parties to ascertain their status.

4. On the trial of issues framed on a caveat by a niece of the testatrix to
   determine the mental capacity of the testatrix, and whether her will
   ·had been procured by undue influence practised by another niece
   who was the beneficiary under the will, it is error for the court to
   charge the jury that if the testatrix had made up her mind to give her
   estate equally to the caveatee and a third person, and that is what
   she would have done if it had not been for the undue influence of the
   caveatee, by which the latter got it all herself, then there was no in-
   jury to the caveator of which she had a right to complain, because
   she was deprived of nothing; but if, except for such undue influence,
   no will would have been made, then the caveator was injured, because
   in that event half of the estate would have gone to her.

5. If an instrument propounded as a will was procured by undue influence,
   it is in law no will; and on issues framed for the purpose of testing
   its validity it is the duty of the jury to so find; and it is error for
   the trial court in its charge to so instruct the jury as to permit them
   to conjecture whether the testatrix, if uninfluenced, would or would
   not have made a will leaving her property to persons other than the
   caveator.

No. 2173.   Submitted October 6, 1910.   Decided November 1, 1910.

HEARING on an appeal by the caveator from a judgment of the Supreme Court of the District of Columbia admitting a will to probate after the trial of issues framed to test its validity. *Reversed.*

The COURT in the opinion stated·the facts as follows:

This is a will case, and comes here from a judgment of the supreme court of the District of Columbia sustaining the will.

The facts are these: The will of the testatrix, Maria Moore, dated December 2d, 1908, was admitted to probate on the 18th day of February, 1909. By this will Annie Bell, a niece of the testatrix, and appellee here, was made executrix and also residuary legatee and devisee. The testatrix was survived by Patrick Bowe, father of testatrix and also father of said Annie Bell and Mary Ann Hoepner, a niece, appellant here. A petition was filed by appellant, against said Annie Bell, executrix and beneficiary as aforesaid, and against Patrick Bowe, praying that the probate of said will be set aside upon the ground of mental incapacity and that said will was procured by undue influence, fraud, and coercion. The usual issues were framed and a trial had thereon, which resulted in findings adverse to appellant upon all the questions submitted.

The record states that "the caveator (appellant) by sundry witnesses gave evidence tending to prove that the said Maria Moore was of unsound mind and not capable of executing a valid deed or contract; that her fixed purpose, frequently announced, was to make a will equally dividing her estate between her nieces Annie Bell and Agnes Jones, and that the paper propounded and procured by undue influence practised by said Annie Bell upon said deceased." The record further shows that "thereupon the caveatee by sundry witnesses gave evidence tending to prove that said deceased, at the time of publishing the said paper writing, was of sound and disposing mind, capable of executing a valid deed or contract, and that the said paper writing was the product of her own independent volition, without being in any wise procured to be executed by said Annie

Bell or any other person, and that her fixed purpose, frequently announced by her, was to make a will giving her entire estate to her niece Annie Bell."

In the course of his charge to the jury the learned trial justice, over the objection and exception of appellant, used the following language: "We will now suppose another situation. Some of the evidence tends to show (that is, some of the evidence of the contestants; I think it all comes from her side) that Mrs. Moore had fully made up her mind to give everything she had, equally to Mrs. Bell and Mrs. Jones, and that that is what she would have done with the property if it had not been for the undue influence of Mrs. Bell, by which she got it all herself. Now if you find that to be the fact, I am obliged to tell you that that is no injury to the contestant which she can complain of. It did not rob her of anything, and the will cannot be set aside upon that ground on her pleading. But if, except for the undue influence, no will whatever would have been made, then, of course, she was wronged; because in that event half of the estate would have gone to her."

*Messrs. McMahon & McMahon* and *Mr. John Ridout* for the appellant.

*Mr. Chapin Brown* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

A preliminary question must first be considered. This question arises upon a motion to dismiss the appeal because Patrick Bowe, one of the parties mentioned in the petition below, has not been made a party here, and that there has been no summons and severance as to him. This motion must be denied.

The record shows that, while Bowe was arrayed as a party whose interests were adverse to appellant, his interests in fact were adverse to the interests of appellee. In other words, having been an heir at law, had this will been set aside he would have taken part of the estate by descent, where as under the

will he received nothing. That he was arrayed differently in the pleading does not affect the situation, since a court of equity always looks to the true relations of the parties to ascertain their status. The will having been sustained, the failure of Bowe to join in this appeal eliminated him from the proceeding. Upon his failure to appeal, the judgment became final as to him. The judgment was in fact as much against him as against appellant. Therefore, under the amendment to rule 10 of this court, he not being a necessary party to the appeal, summons and severance were not required.

In *Taylor* v. *Leesnitzer,* 31 App. D. C. 92, decided before the amendment to rule 10, above referred to, the degree appealed from was in favor of two parties, and, being inseparable, it was held that the failure of the appellant to include both parties in his appeal was a fatal omission. In that case it is apparent that the party omitted from the appeal was a necessary party.

We come now to the merits. The learned trial justice, as appears from that part of his charge which forms the basis of the only exception taken, felt bound by the language of the Supreme Court of the United States in *Beyer* v. *Le Fevre,* 186 U. S. 114, 46 L. ed. 1080, 22 Sup. Ct. Rep. 765. It therefore becomes necessary to review briefly the facts and rulings of the court in that case, in so far as they relate to the point under consideration. In that case the testatrix, on a Sunday, executed a will in which she devised all her property to Lewis Beyer, Jr., her adopted son. After the execution of the will the scrivener discovered the omission of the word "heirs." This mistake he made known to the testatrix, and presented to her for execution a new will properly drawn. Thereupon the testatrix said that, inasmuch as a new will had to be executed, she would like to have her niece, a Mrs. Johnson who lived with her, included with Lewis Beyer, Jr. On the Tuesday following, a will was executed in accordance with the final decision of the testatrix, and that was the will before the Supreme Court. The jury had found that the testatrix was of sound mind, but that the will had been obtained through the undue influence of Beyer and Mrs. Johnson. After reviewing the evidence

the Supreme Court found that there was no evidence whatever tending to show undue influence on the part of Beyer. The court then said: "With this must also be remembered that the will which was first drawn, the one executed on Sunday, made him the sole devisee, and that it was intended by the testatrix to vest the property absolutely in him, so as to deprive the appellee and other of her relatives of any interest in the property. That it did not have that effect was owing to a mistake of the scrivener in omitting the word 'heirs,' a mistake which, when discovered by him, he proceeded promptly to correct, and only when the corrected will was presented to her did she authorize a change so as to include Mrs. Johnson. Suppose it were true that Mrs. Johnson did, after the first will, by her importunity persuade the testatrix to include her as a devisee, the change wrought no prejudice to the interests of the appellee. It took away nothing from her. It only added a new devisee,—and that not the appellee,—another one to share in the property. \* \* \* If before, plainly it had no effect upon the testatrix, for she made a will giving the property to her adopted son, and leaving Mrs. Johnson out altogether. If after, while it may have had the effect of causing the insertion of Mrs. Johnson's name in the second, such change wrought no injury to the rights' of the appellee. If the testatrix had made up her mind to give her property to an adopted child, with a precatory trust in behalf of her husband, then any change made in the devisees, as the result of whatever importunity, was a change which wrought no prejudice to the parties who were not named in either will."

It is, we think, apparent that the court, in using the language which the learned trial justice felt constrained to follow in the present case, was commenting upon the peculiar circumstances of the case then before the court, without intending to give expression to a new and general rule for the determination of will contests,—a rule fraught with great dangers in that it would at once plunge the jury into the realm of conjecture, and sometimes permit the establishment of an instrument, procured by undue influence or fraud, as the will of the person

executing it, when in fact it was not a will at all. In the *Beyer Case* the jury had found testamentary capacity. Therefore, even assuming that one of the beneficiaries under the second will had procured the execution of that will by improper influence, the first will, being entirely free from such a taint, would have been established, and the contestants would have received nothing in any event. Moreover, the court found, as a matter of fact, that there was no undue influence practised by anyone in respect to the second will.

As we read this opinion it is not authority for the proposition that even though there is evidence, before the jury, of fraud or undue influence, the contestants are not entitled to be heard, because the jury may find that the testator, if he had not made the particular will in controversy, would have made another will naming persons other than the contestants as beneficiaries. The issue in such a case is not as to what the testator *might* have done, but as to what actually was done. It is an issue of fact, and not of conjecture.

In the present case the testimony upon which the learned trial justice based that part of his charge previously quoted had some bearing upon the issue of undue influence, and hence was properly before the jury. But we are clearly of the opinion that it was error to permit the jury to conjecture from that testimony whether the testatrix, if uninfluenced, would nevertheless have made another will by which appellant would have received nothing. If the instrument before the jury was procured by undue influence, it was in law not a will at all, and it was the duty of the jury to so declare, irrespective of any surmise as to whether the testatrix, if uninfluenced, would or would not have made a will leaving her property to persons other than the appellant. Where an heir has reason to believe that an instrument propounded as a will was procured by undue influence or fraud, or both, the law permits that heir to prosecute a contest, and he is not to be denied a hearing upon any such theory as that advanced in this case.

It no doubt frequently happens that contests are ill-advised and instituted upon insufficient evidence, but in all such cases

courts will see to it that justice prevails, and that the will of the testator is executed.

Owing to the state of the record before us, we are unable to find that appellant suffered no prejudice from the error committed, and therefore we are constrained to reverse the judgment, with costs, and grant a new trial.     *Reversed.*